UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SLOAN L. REID,

          Petitioner,

Case No. 11-cv-14215

HONORABLE LAWRENCE P. ZATKOFF

v.

TOM MACKIE - WARDEN KCF,

          Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF
HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Sloan L. Reid is a state prisoner currently incarcerated in the Kinross Correctional Facility in Kincheloe, Michigan.  He has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that he was improperly denied a transfer to a Level I facility based upon an improper security classification.  For the reasons that follow, the petition will be dismissed.

I.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief."  Rule 4, Rules Governing Section 2254 cases.[1]  If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v.Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

---

[1] The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions filed under § 2241.  See Rule 1(b), Rules Governing Section 2254 Cases.

II.

Petitioner pled guilty in Macomb County Circuit Court to violating Mich. Comp. Laws § 333.7401c(2)(b) and Mich. Comp. Laws § 333.7401(2)(b)(1).[2]  On June 10, 2010, Petitioner was sentenced to five to 20 years imprisonment for each offense.  He is currently incarcerated in Kinross Correctional Facility, a Level II facility.

Petitioner does not challenge his conviction or sentences.  Instead, he challenges his continued incarceration in a Level II (medium security) facility.  Petitioner argues that under a Michigan Department of Corrections administrative rule, R791.4401(2), he is entitled to be assigned to the least restrictive level of custody, which he asserts is Level I (minimum security).  The petition alleges that Petitioner initiated a request to be transferred to his correct level of custody, that the request was denied by Assistant Resident Unit Supervisor ("ARUS") Cushman, and that ARUS Cushman refused to rescreen the Petitioner because of a recent substance abuse, which, Petitioner alleges, has no bearing on Petitioner's custody level.  Petitioner argues that the Michigan Department of Corrections rules grant him a liberty interest in the correct level of confinement, which cannot be taken away without due process of law.

Title 28 U.S.C. § 2241 grants federal district courts jurisdiction over writs of habeas corpus for state prisoners only where they allege they are "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. 2241(c)(3).  Title 28 U.S.C. § 2241 "is reserved for

---

[2]The petition does not specify petitioner's convictions, but publicly viewable criminal-history records indicate that Petitioner's conviction was based on a guilty plea to these offenses.  See Dep't of Corrections No. 688426, Michigan Department of Corrections Offender Tracking Information System (OTIS), http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=688426 (indicating that Petitioner pled guilty to "CS - Operating/Maintaining a Lab in Presence of Minor - Attempt" in violation of Mich. Comp. Laws § 333.7401C(2)(b) and "Controlled Substance-Delivery/Manufacture-Methamphetamine - Attempt" in violation of Mich. Comp. Laws § 333.7401(2)(b)(1).

2

challenges to the execution of a sentence, such as the computation of parole or sentence credits." *Velasco v. Lamanna*, 16 Fed. Appx. 311, 314 (6th Cir. 2001).[3]  It may not be used to challenge the validity of the conviction or the conditions of confinement.  *Id.*

Petitioner's challenge to his security classification and resulting incarceration in a Level II facility are not cognizable as a habeas action under either 28 U.S.C. § 2241 or under 28 U.S.C. § 2254 because it is a challenge to the prisoner's conditions of confinement, not to the fact or duration of his incarceration.  *See McCall v. Ebbert*, 384 Fed. Appx. 55, 57-58 (3d Cir. June 21, 2010) (holding that petitioner's challenges to security classification and resulting prisoner transfer were challenges to conditions of confinement and not cognizable under § 2241);  *McCarthy v. Warden, USP Lewisburg*, 417 Fed. Appx. 128, 129-30 (3rd Cir. Mar. 14, 2011) (challenge to prison transfer does not give rise to habeas action).  The essence or core of habeas corpus is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).  The Sixth Circuit has held that a district court should dismiss without prejudice a Section 2241 habeas petition when the petition does not challenge the fact or duration of the petitioner's imprisonment.  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (holding that state prisoner who sought a transfer to a different prison facility for purposes of medical treatment incorrectly invoked Section 2241 instead of bringing a civil rights action under 28 U.S.C. § 1983).  Petitioner here attacks the conditions of his confinement, rather than the fact or duration of his confinement pursuant to the state judgment, and therefore his claim is not cognizable in habeas.[4]

---

[3]"[T]here exists some question whether state prisoners may ever proceed under § 2241." *Allen v. White*, 185 Fed. Appx. 487, 490 (6th Cir. 2006) (citations omitted).  While the Sixth Circuit has allowed state prisoners to proceed under § 2241, under certain circumstances, it has subjected the petitioners to all restrictions imposed by 28 U.S.C. § 2254.  *Id.*

[4]The Sixth Circuit has permitted *federal prisoners* to utilize § 2241 to challenge under federal law their placement in prison instead of under supervised release.  *United States v. Jalili*, 925 F.2d

Even if the claim were properly brought as a habeas action, it would still lack merit.  Prisoners do not have a constitutional right to be incarcerated in a particular facility or to be held in a specific security classification.  *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983) (holding that inmate has no justifiable expectation of being incarcerated in a particular facility); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (noting "no due process protections [are] required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate"); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) (no federal constitutional right to incarceration in any particular prison or portion of prison).  Petitioner has no liberty interest in a particular security level, and therefore his rights under the Due Process Clause have not been violated by the failure of the Michigan Department of Corrections to assign him to what he claims to be the proper level of custody.  *See Norton v. Tenn. Dept. of Corr.*, No. 2:10-cv-839, 2010 WL 3733540, *2 (M.D. Tenn. Sept. 7, 2010) (prisoner has no liberty interest in particular security level or classification).

Finally, dismissal would also be appropriate even if the action were correctly brought under Section 2241 because Petitioner fails to allege that he has exhausted state remedies.  "[A] state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  The petitioner has the burden of showing exhaustion.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)  The exhaustion requirement applies to habeas petitions brought pursuant to 28 U.S.C. § 2241.

_____

889 (6th Cir. 1991).  *Jalili* is not relevant here because the present petition involves a state prisoner, rather than a federal prisoner, the challenge here invokes substantive due process rather than the United States Sentencing Guidelines, and the petitioner in *Jalili* asserted that he was entitled to community confinement rather than incarceration.  Community confinement has been held to be "qualitatively different" from confinement in traditional prison.  *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, (3d Cir. 2005).  This Court has found no authority permitting *state* prisoners to bring a § 2241 habeas actions challenging prison placement in any particular facility or security level.

*Montez v. McKinna*, 208 F.3d 862 866 (10th Cir. 2000).  The petitioner does not allege that he exhausted available state remedies and has therefore failed to meet his burden of demonstrating exhaustion.

III.

A state prisoner who seeks habeas corpus relief under § 2241 must obtain a certificate of appealability (COA) before filing an appeal.  *Greene v. Tenn. Dept. of Corr.,* 265 F.3d 369, 372 (6th Cir. 2001).  Rule 11 of the Rules Governing Section 2254 Cases requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).  In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not state a claim upon which habeas relief may be granted.  The Court therefore denies a certificate of appealability.

IV.

For the reasons stated, the Court concludes that Petitioner is not entitled to habeas relief on the

claim contained in his petition.

Accordingly, it is hereby ORDERED that the petition for writ of habeas corpus is

DISMISSED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS SO ORDERED.


s/Lawrence P. Zatkoff_____
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  October 26, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by
electronic or U.S. mail on October 26, 2011.


s/Marie E. Verlinde_____
Case Manager
(810) 984-3290

6